UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
MAR 13 2018

| JOHN WILLIAM PERKO, JR., | 1:18-CV-01003-CBK |
|---|---|
| Petitioner, | |
| vs. | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner was charged in 1:17-cr-10001-CBK with two counts of sexual abuse of a person incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating unwillingness to engage in a sexual act in violation of 18 U.S.C. § 2242(2) and one count of incest with his cousin in violation of SDCL § 22-22A-2. He entered into a plea agreement wherein he agreed to plead guilty to incest, which has a statutory maximum sentence of five years imprisonment. In exchange for his guilty plea, the government agreed to dismiss the sexual abuse charges, which have a statutory maximum sentence of life imprisonment. The defendant agreed to waive his statutory right to appeal any non-jurisdictional issues but retained his right to appeal the length of his sentence should the Court impose an upward departure or variance.

The Federal Sentencing Guidelines do not contain a guideline for the assimilated crime of incest. Therefore, Guideline § 2X5.1 directs the Court to apply the most analogous offense guideline. I applied Guideline § 2A3.2, the guideline for criminal sexual abuse of a minor. I determined that the resulting total offense level was 18 and, with a criminal history category of V, the guideline range was 51 – 63 months. I thereafter applied a downward variance pursuant to 18 U.S.C. § 3553(a) based upon the

nature and circumstances of the offense and sentenced the petitioner to 36 months imprisonment.

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence. He contends that he received ineffective assistance of counsel in that he was not informed that he agreed in the plea agreement to waive a direct appeal. He further claims I applied an improper guideline. Finally, he claims that the prosecutor committed misconduct in failing to prosecute the other participant in the incest crime and in filing charges based upon the statements of the other participant who was intoxicated and had a memory lapse concerning the offense. Petitioner contends that he did not raise these issues on direct appeal because defense counsel refused to file a notice of appeal.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

**I. Ineffective Assistance of Counsel.**

To support a claim of ineffective assistance of counsel, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

Petitioner contends that counsel was ineffective in failing to inform him that he waived a direct appeal as part of the plea agreement. Petitioner's plea agreement provided:

> The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence or a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

Petitioner cannot show prejudice based upon counsel's alleged failure to inform him of the consequences of the appeal waiver. The waiver language in the plea agreement is clear. Petitioner testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. He was warned by this Court in no uncertain terms what important rights he was waiving. Petitioner cannot demonstrate that, absent counsel's alleged error, there is a reasonable probability that the result of the proceeding would have been different.

**II. Sentencing Error.**

Petitioner contends that I erred in applying the sentencing guidelines. He was required to raise this issue on direct appeal. He did not file a direct appeal. Petitioner's motion as it relates to the second claim is procedurally defaulted. He waived any right to file an appeal of any sentencing issues, with the exception of an upward departure or variance. Such a promise made in a plea agreement is binding upon petitioner and may be specifically enforced by the government. United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996). Failure to raise the issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). This rule applies equally to a criminal defendant who waives his right to appeal pursuant to a plea agreement and therefore is barred from a direct appeal. *See Id.* at 448. The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, if a criminal defendant waives his right to

3

appeal, he has also waived his right to collaterally challenge the conviction and sentence in a § 2255 proceeding.

## III. Prosecutorial Misconduct.

Petitioner contends that the prosecutor and the F.B.I., in making the decision to charge petitioner, improperly relied upon statements by the other participant in the offense, which statements were not reliable because of her level of intoxication. Section 2255 provides federal prisoners a remedy for claims that their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The remedy "does not encompass all claimed errors in conviction and sentencing." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (*quoting* United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). It is well-recognized that, as a general rule, prosecutorial misconduct does not merit federal habeas relief unless the misconduct "so infected the [proceedings] with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471-72, 91 L.Ed.2d 144 (1986) (*quoting* Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)). *Accord*, Roberts v. Bowersox, 137 F.3d 1062, 1066 (8th Cir. 1998), Louisell v. Dir. of Iowa Dept. of Corr., 178 F.3d 1019, 1023 (8th Cir. 1999), and Stringer v. Hedgepeth, 280 F.3d 826, 829 (8th Cir. 2002).

"The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." United States v. Armstrong, 517 U.S. 456, 464, 116 S. Ct. 1480, 1486, 134 L. Ed. 2d 687 (1996). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* (*quoting* Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978)). The prosecutor's decision to charge the defendant based upon the evidence obtained by investigators is subject to judicial deference. *Id.*

4

The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley v. United States, 523 U.S. 614, 620, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998). Petitioner signed a factual basis statement wherein he admitted the conduct set forth in the count of conviction. He testified under oath at his plea hearing that the factual basis statement was true. He admitted that he was not innocent of the charge. By pleading guilty, he waived any claimed defect as to the weight of the evidence against him. His prosecutorial misconduct claim that he was charged based upon suspect evidence must fail.

Petitioner also objects to the fact that the prosecutor failed to charge the other participant in the offense. He contends that counsel failed to raise this issue at any time during the proceedings. He has in-artfully alleged a claim of selective prosecution and ineffective assistance of counsel in failing to raise that claim. "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. at 463, 116 S. Ct. at 1486. "The requirements for a selective-prosecution claim draw on 'ordinary equal protection standards.'" Id. at 465, 116 S. Ct. at 1487. In this case, the other participant in the crime of incest was female. He has raised a claim of prosecutorial misconduct in selective prosecution based upon his gender.

### IV. Failure to File an Appeal.

Petitioner contends that counsel refused to file a notice of appeal on his behalf. The United Sates Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000). "An attorney's failure to file a requested appeal automatically satisfies the deficient-performance prong of Strickland." Witthar v. United States, 793 F.3d 920, 922 (8th Cir. 2015). Further, no showing of prejudice is required under the second prong on Strickland because prejudice is presumed in this circumstance.

5

*Id.* The Eighth Circuit extends "the presumption of prejudice even to cases in which the petitioner has waived [his] right to appeal." Witthar v. United States, 793 F.3d at 923.

"Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Witthar v. United States, 793 F.3d 920, 922 (8th Cir. 2015) (*quoting* Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013)). The district court can deny a motion to vacate without an evidentiary hearing only where (1) the petitioner's allegations, if accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. United States v. Sellner, 773 F.3d 927, 929–30 (8th Cir. 2014).

At present, no factual dispute exists because I have not ordered the government to respond to the petition. However, absent an admission from counsel that he failed to file an appeal when requested to do so, claims of ineffective failure to file an appeal will always require an evidentiary hearing.

The procedure to be followed by the district court to remedy a deprivation of a petitioner's constitutional right to effective assistance of counsel in failing to file an appeal is to vacate the sentence and to set the case for resentencing, the time for appeal then commencing to run from the date of the resentence. Hollis v. United States, 687 F.2d 257, 259 (8th Cir. 1982). Prior to proceeding with an evidentiary hearing which may result in a re-sentencing, petitioner should consider the consequences of proceeding with this matter.

If the petitioner is successful in this motion and this matter is set for re-sentencing, I will very likely impose the same sentence which would allow petitioner to timely file an appeal. Petitioner should consider the following possible consequences of pursuing this matter. First, the defendant's filing of an appeal also allows the government to file a cross-appeal contending that I erred in sentencing to the petitioner to only 36 months. The plea agreement sets forth that the government intended to seek a statutory maximum sentence for incest of 60 months. I rejected the government's recommendation and

6

applied a downward variance. If an appeal is filed, the government would be free to argue to the Court of Appeals that I erred in imposing a downward variance. Second, the filing of an appeal could be construed as a violation of the plea agreement. If the government were successful on such a claim, the case could proceed on the additional more serious charges of sexual abuse, possibly resulting in a harsher sentence.

Based upon the foregoing,

IT IS ORDERED that the petitioner shall, on or before April 16, 2018, notify the Court in writing whether he wishes to proceed with the motion to vacate as to the claim that counsel was ineffective in failing to file a notice of appeal. If petitioner does wish to proceed with such claim, he shall further support his motion with a more specific statement as to how he communicated his desire to appeal to his attorney and when he communicated such desire to his attorney.

DATED this 9th day of March, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge