

FILED
SEP 18 2018

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIAM PERKO, JR., <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 1:18-CV-01003-CBK <br><br> MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

## INTRODUCTION

Petitioner was charged in 1:17-cr-10001-CBK with two counts of sexual abuse of a person incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating unwillingness to engage in a sexual act in violation of 18 U.S.C. § 2242(2) and one count of incest with his cousin in violation of SDCL § 22-22A-2. He entered into a plea agreement wherein he agreed to plead guilty to incest, which has a statutory maximum sentence of five years imprisonment. He agreed to waive his statutory right to appeal any non-jurisdictional issues but retained his right to appeal the length of his sentence should the Court impose an upward departure or variance. I determined that the guideline range was 51 – 63 months. I thereafter applied a downward variance pursuant to 18 U.S.C. § 3553(a) based upon the nature and circumstances of the offense and sentenced the petitioner to 36 months imprisonment.

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence. He contends that he received ineffective assistance of counsel in that he was not informed that he agreed in the plea agreement to waive a direct appeal. He further claims I applied an improper guideline. Finally, he claims that the prosecutor committed misconduct in failing to prosecute the other participant in the incest crime and in filing charges based upon the statements of the other participant who was intoxicated and had a

memory lapse concerning the offense. Petitioner contends that he did not raise these issues on direct appeal because defense counsel refused to file a notice of appeal.

I conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. I summarily disposed of petitioner's claim as to ineffective assistance concerning the appeal waiver and his claim as to sufficiency of the evidence. The remaining legal claims were required to have been raised on direct appeal.

As set forth previously, petitioner contends that counsel was ineffective in failing to file an appeal raising his remaining issues. After cautioning petitioner that, if he is successful in pursuing his petition, the government could file a cross-appeal contending that I imposed an illegal lenient sentence or the government could contend that he breached the plea agreement and he could be subject to prosecution on the more serious charges and receive a longer sentence, petitioner indicated his desire to proceed. The government filed an answer and the affidavit of petitioner's defense counsel. Because a factual issue exists as to whether petitioner directed his counsel to file a notice of appeal, an evidentiary hearing was held.

## DECISION

To support a claim of ineffective assistance of counsel, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States

v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

Petitioner contends that counsel refused to file a notice of appeal on his behalf. The United Sates Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000). "An attorney's failure to file a requested appeal automatically satisfies the deficient-performance prong of Strickland." Witthar v. United States, 793 F.3d 920, 922 (8th Cir. 2015). Further, no showing of prejudice is required under the second prong on Strickland because prejudice is presumed in this circumstance. *Id.* The Eighth Circuit extends "the presumption of prejudice even to cases in which the petitioner has waived [his] right to appeal." Witthar v. United States, 793 F.3d at 923.

I find that petitioner has not met his burden of proof that he directed counsel to file a notice of appeal immediately following sentencing. Petitioner's testimony is not credible in many respects. He claims that, based upon what counsel told him, on the date of sentencing he believed he would be sentenced to Probation or a custody sentence of a few months in a county jail. This contention is contrary to his prior sworn statements to me during his change of plea hearing that no promises were made to him as to the length of sentence he could expect. I carefully warned him that I could sentence him up to five years custody and that any estimates by anyone, including counsel, were not binding upon me. He testified that he understood that. He was aware when he signed the plea agreement that the government intended to request a sentence of five years custody. He was aware prior to sentencing that I had determined that his sentence would be calculated pursuant to Guideline § 2A3.2, which may result in a total offense level of 18. I determined at sentencing that his total offense level should be 18 and, with a criminal history category of V, his range was 51-63 months. The government had contended prior to sentencing that his sentence should be calculated pursuant to Guideline 2A3.1, with a resulting range far exceeding the statutory maximum sentence of five years. His claim

3

that he was advised that he could expect a probationary sentence is not credible. His corollary claim that he therefore wanted to appeal the lenient sentence of 36 months is also not credible.

In rejecting petitioner's claim that he directed counsel to file an appeal I also take into account that petitioner was released following sentencing and had every opportunity to notify the Clerk of Courts, his attorney, or the Court of his desire to appeal. He did not do so. Counsel testified that counsel advised petitioner that there was no basis for an appeal. Petitioner admits that he was so advised. His claim that he wanted to appeal and directed counsel to do so despite his waiver of an appeal has no merit.

## ORDER

Based upon the foregoing,

**IT IS ORDERED** that petitioner's motion, Doc. 1, to vacate, set aside, or correct sentence is denied.

## TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a motion to vacate, set aside, or correct his conviction for incest and the 36 month sentence pursuant to 28 U.S.C. § 2255. He contended, *inter alia*, that counsel was ineffective in failing to file a notice of appeal as directed.

Following an evidentiary hearing, I determined that petitioner had not met his burden of proof that he directed counsel to file a notice of appeal. I denied his motion to vacate.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order denying a motion to vacate may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate.

This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 17th day of September, 2018.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge

5